Meyer, J.
(dissenting in part). I agree that there is a difference between the general release of a claim under a *186 contract and the cancellation of a contract, but cannot agree to the result reached by the majority because it ignores the fact that the demand for arbitration in the instant case refers not to one but to two contracts, one of which, unless we are flatly to overrule Matter of Minkin (Halperin) (304 NY 617), Matter of Binger (Thatcher) (304 NY 627), and Matter of Bronston (Glassman) (10 NY2d 158), has been canceled. The order of the Appellate Division should, therefore, be modified by directing that the judgment of Special Term stay arbitration under the contract of March 31, 1964 only and, except as thus modified, the Special Term judgment should be affirmed.
When Sedlow and his former partners, Kaiser and Temple, joined the Schlaifer Agency, individual employment contracts, dated April 1, 1964, and a stockholders agreement among the three of them, Schlaifer and the Schlaifer Company, dated March 31, 1964, were signed. Each employment contract fixed the compensation of the individual employee, provided for a term of two years, and contained an arbitration provision. The stockholders agreement fixed the amount of common stock to which each was entitled (Kaiser 15%, Sedlow and Temple 5% each), required Schlaifer Company, or if it had insufficient surplus then Schlaifer individually, to buy back the stock at the end of two years, and contained its own arbitration clause.
Minkin, Binger and Bronston make clear that when a release not only settles a claim under a contract providing for arbitration but cancels the contract there is no arbitrable issue because there is no longer any agreement to arbitrate. Moreover, the intention of the parties with respect to the operation of the release as a cancellation of the contract is to be gleaned from not only the release but also from any accompanying letter (see Matter of Lipman [Haeuser Shellac Co.], 289 NY 76, 78).
Here Sedlow does not dispute that he received from Schlaifer a letter dated October 12, 1976, together with a general release form which the letter asked that he sign and return, and together with a $5,000 check. Indeed, he acknowledged receipt of the letter by signing a receipt form immediately below Schlaifer’s signature. He also acknowledges that he executed the release, which is dated October 15, 1976, and received and cashed the check.
Considered by itself, the release, it is argued, does not explicitly cancel the March 31, 1964 contract, because it refers only to "contracts” generally and mentions "law, admiralty or *187 equity,” but not arbitration. Whatever deficiency there may be in the release, if any, is, however, supplied by the letter of October 12, 1976, which expressly describes the claims made by Sedlow’s former partners "under the agreement dated March 31, 1964, despite the fact that the agreement expired and no rights survived.” It likewise states that Kaiser, "took his claim to arbitration,” that Sedlow has "acknowledged to me that you do not have any rights under this agreement” and that his signing of the release "will end any possibility of your making such a claim in the future.” There, thus, is no question that Sedlow knew when he signed the release that he was, in fact, terminating the March 31, 1964 agreement and that he was concluding not only any right to litigate but also to arbitrate under the contract. Indeed, he does not now say otherwise, arguing only that he has the right to arbitrate whether his signature of the release after receipt of the October 12, 1976 letter was obtained by economic duress. The same argument was made and rejected in Matter of Minkin (Halperin) (304 NY 617, supra) which held that duress is an issue to be determined in a plenary proceeding at law to set aside the release, not by arbitrators in a proceeding under the arbitration clause of the contract.
As to the April 1, 1964 employment contract between Sedlow and Schlaifer Company, however, it cannot be said, as it can with respect to the March 31, 1964 stockholders agreement, that the parties had evidenced their clear intent to terminate it. The October 12, 1976 letter makes no reference to the employment agreement and, in fact, Sedlow’s employment under the latter agreement continued for another year after the date of that letter. But his continued employment after termination of the March 31, 1964 stockholders agreement could not entitle him to the stock and share of the profits he seeks through his demand for arbitration. The two agreements cannot, after the March 31 agreement has been terminated, be read together as was done in Kaiser’s case (Matter of Schlaifer [Kaiser], 84 Misc 2d 817, affd on opn below 50 AD2d 749), for Sedlow, unlike Kaiser, did indeed abandon, and agree not to assert any rights under, the stockholders agreement (cf. Matter of Schlaifer [Kaiser], 84 Misc 2d, at p 822, supra; and see Hughes v Eddy Valve Co., 147 App Div 356). While that probably means that arbitration under the April 1, 1964 agreement will avail Sedlow nothing, it should not be stayed because that contract was not inten *188 tionally terminated and its arbitration provision, therefore, remains in effect.
Chief Judge Cooke and Judges Gabrielli, Jones and Wachtler concur in Per Curiam opinion; Judge Meyer dissents in part and votes to modify in a separate opinion in which Judges Jasen and Fuchsberg concur.
Order affirmed.